UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-232-GWU

SHERRY L. MILLS, PLAINTIFF,

VS:  MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Sherry Mills brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

> 1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).
>
> 2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.
>
> 3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20

1

>C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
>6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).
>
>7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of

2

fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be

3

fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

  One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).  The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if

that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  <u>Varley v. Secretary of Health and Human Services</u>, 820  F.2d 777 (6th Cir.  1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mills, a 32 year-old former cashier, sewing machine operator, and production worker with a high school education, suffered from impairments related to a history of fibrocystic breast disease, a history of dyspepsia, a history of cervical strain, a history of low back pain, tobacco abuse, and possible polysubstance dependence.  (Tr. 22, 25). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light work.  (Tr. 27). Since the claimant would still be able to perform her past sewing work, she could not be considered totally disabled.  (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Mills could return to her past work as a sewing machine operator, the ALJ relied heavily upon the testimony of Vocational Expert Edward Smith.  The hypothetical question presented to Smith included an exertional limitation to light level work along with such non-exertional exertional restrictions as (1) an inability to more than occasionally squat or crawl; (2) a need to avoid work at unprotected heights as well as around dangerous or moving machinery; (3) an inability to operate motor vehicles; (4) a limitation to simple one-two step, non-

5

detailed tasks; and (5) a limitation to jobs in which public and co-worker contact was casual in frequency and where supervision was direct and non-confrontational with changes in the work place infrequent and gradually introduced. (Tr. 573). In response, the witness testified that Mills' past sewing work could still be performed. (Tr. 574). Smith also identified a significant number of other jobs which could still be done. (Tr. 574). Therefore, assuming that the vocational factors considered by Smith fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Mills' physical condition. Dr. Bobby Kidd, an examining consultant, opined that the plaintiff could perform the full range of medium level work. (Tr. 446). The physical factors of the hypothetical question were fully consistent with this opinion. Doctors Kenneth Phillips (Tr. 222), James Ross (Tr. 223), Calixto Hernandez (Tr. 438) and John Rawlings (Tr. 439) all opined that that the claimant's physical problems were "less than severe." These reports also provide support for the administrative decision. More severe physical restrictions than those found by the ALJ were not reported by such treating and examining sources as the staff at Memorial Hospital (Tr. 156-182, 362-372), Dr. John Gilbert (Tr. 230), Dr. Robert Hoskins (Tr. 337-361, 373-401, 475-477, 484-487), and Dr. Cesar Agtarap (Tr. 514-520). These reports provide substantial evidence to support the administrative decision.

Dr. Neeraj Mahboob, a treating physician, completed a Functional Capacities Assessment in which he indicated that the Mills would be severely limited in her ability to sit, stand or walk. (Tr. 193). The ALJ rejected this opinion as binding. (Tr. 23). This action was appropriate. As noted by the ALJ, the doctor's treatment records do not support such severe limitations. (Tr. 23). The doctor repeatedly found no sensory or motor deficit. (Tr. 202, 204, 490, 493, 495, 497-498, 502).

The claimant's musculoskeletal system was repeatedly noted to be unremarkable. (Tr. 191-192, 194-195). A cervical spine x-ray revealed no acute osseous abnormality. (Tr. 504). An x-ray of the lumbar spine showed a small central protrusion at L4-L5 with no definite neural compression. (Tr. 506). An upper GI was normal. (Tr. 206). Therefore, the ALJ dealt properly with the evidence of record relating to Mills' physical condition.

The ALJ also dealt properly with the evidence of record relating to Mills' mental condition. Dr. Kevin Eggerman examined the plaintiff and opined that she would have a "fair" ability to understand and remember complex instructions, relate to co-workers and supervisors, persist on tasks and tolerate work stresses. (Tr. 187). The hypothetical factors were essentially consistent with these limitations. This opinion offsets the somewhat more guarded opinion indicated by psychologist Kenneth Starkey, another examiner. (Tr. 408). More severe, specific mental restrictions than those found by the ALJ were not reported by the staff at the Cumberland River Comprehensive Care Center, the claimant's treating source. (Tr. 478-482, 512-513). Finally, Psychologists Edward Ross (Tr. 207), Jane Brake (Tr. 409), and Edward Stodola (Tr. 424), the non-examining medical reviewers, did not even believe that plaintiff suffered from a "severe" mental impairment. Therefore, substantial evidence supports this portion of the administrative decision.

Mills argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Mills was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Mills' pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 28th day of March, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**